IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VICKI R. NOLAN                         :

   v.                                  :   Civil Action No. DKC 12-0325

BUONASSISSI, HENNING & LASH, P.C.       :

**MEMORANDUM OPINION AND ORDER**

Proceeding *pro se*, Plaintiff Vicki R. Nolan commenced this action on February 2, 2012, by filing a "petition for redress of fraud by concealment" with the court. (ECF No. 1). The inartfully drafted one-page complaint alleges that Defendant Buonassissi, Henning, & Lash P.C. acted "without proof of authority" with regard to the promissory note for her home during state court foreclosure proceedings. (*Id.* at 1).[1] In conclusory fashion, Plaintiff then states that Defendant intentionally failed to disclose facts that it had a duty to disclose in order to induce her to surrender the home. Plaintiff filed a motion for leave to proceed *in forma pauperis* along with her complaint, and the court granted her motion one week later. On February 24, 2012, Defendant moved to dismiss

---

[1] Defendant apparently represented the substitute trustees in the underlying state court action. (ECF No. 10-1, at 1). The foreclosure sale took place in early 2011, and the state court issued an order ratifying that sale on August 10, 2011.

pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiff's claim was barred by the *Younger* abstention doctrine and that the claim also failed on the merits. (ECF No. 5).[2]  Plaintiff filed a motion for summary judgment two weeks later. (ECF No. 8).[3] Defendant has opposed that motion.

On the same day that Plaintiff filed her motion for summary judgment, she filed a similar case in this court against Defendant, Emigrant Mortgage Corporation ("Emigrant"), and Retained Realty, Inc. ("Retained Realty"), and moved for leave to proceed *in forma pauperis*. The complaint in that case alleged that the judgment of foreclosure obtained on her home was "void on its face." *Nolan v. Buonassassi et al.* ("*Nolan II*"), DKC 12-0741 (D.Md. Mar. 20, 2012), ECF No. 1, at 1. On March 20, 2012, the court issued a memorandum opinion and order granting Plaintiff's motion to proceed *in forma pauperis* and dismissing the case *sua sponte* on the basis of the *Rooker-Feldman* doctrine.

---

[2] The docket of the state court proceedings indicates that the state court case is now closed.

[3] Plaintiff filed a second "application to proceed *in forma pauperis*" along with her summary judgment motion. (ECF No. 9). In light of the court's decision to grant Plaintiff's initial request to proceed *in forma pauperis*, this motion will be denied as moot.

The arguments Plaintiff presents in her summary judgment motion demonstrate that the purpose of the present action is also to challenge the validity of the state court judgment in the underlying foreclosure proceedings.  Indeed, that motion sets forth virtually the same arguments as those presented in the complaint in *Nolan II*.  Both challenge, in various ways, the standing of Defendant, Emigrant, and Retained Realty to bring the foreclosure suit in state courts and emphasize that the underlying judgment is void.[4]  Adjudication of these issues necessarily involves review of the state court proceedings and a determination of whether those proceedings were proper.  This court, however, lacks jurisdiction to consider the validity of a judgment issued by a state court.  *Adkins v. Rumsfeld*, 464 F.3d 456, 463-64 (4th Cir. 2006) ("The *Rooker-Feldman* doctrine . . . deprives district courts of subject matter jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))).

---

[4] Plaintiff did not, however, name Emigrant and Retained Realty as parties to this action in her complaint.

Plaintiff's motion for summary judgment, therefore, fails, and her complaint must be dismissed for lack of jurisdiction.[5]

Accordingly, it is this 17th day of August, 2012, by the United States District Court for the District of Maryland ORDERED that:

1. The motion for summary judgment filed by Plaintiff Vicki R. Nolan (ECF No. 8) BE, and the same hereby IS, DENIED;

2. The complaint BE, and the same hereby IS, DISMISSED for lack of subject matter jurisdiction;

3. The motion to dismiss filed by Defendant Buonassissi, Henning, & Lash P.C. (ECF No. 5) BE and the same hereby IS, DENIED AS MOOT;

4. The second motion for leave to proceed *in forma pauperis* filed by Plaintiff Vicki R. Nolan (ECF No. 9) BE, and the same hereby IS, DENIED AS MOOT; and,

---

[5] Even if *Rooker-Feldman* did not bar Plaintiff's claim, the court would nonetheless dismiss the complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e). The complaint states that Plaintiff's claim is based in fraud, but given the absence of factual allegations within the complaint, it wholly fails to satisfy the pleading standards required by Federal Rules of Civil Procedure 8(a) and 9(b).

5.   The clerk is directed to transmit copies of the Memorandum Opinion and Order to counsel for Defendant Buonassissi, Henning, & Lash P.C. and directly to Plaintiff Vicki R. Nolan and to CLOSE this case.

```
                        _____/s/_____
                        DEBORAH K. CHASANOW
                        United States District Judge
```